UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| BLANCA MALDONADO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-1352 |
| | ) | |
| DANIELLE SMITH, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at FCI Pekin, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that she suffers from a myriad of medical conditions, including, but not limited to, non-alcoholic cirrhosis of the liver, a large tumor-like growth on her left shoulder, a rare blood disorder, anemia, diabetes, hypertension, gall stones, and dental and foot issues. Plaintiff alleges that prison officials have failed to provide necessary medications, procedures,

and specialist care. She alleges that officials have not responded to numerous requests to see the physician or physician's assistant.

Plaintiff cannot proceed under 42 U.S.C. § 1983 because she is incarcerated at a federal prison, and the section applies only to state officials acting under state law. *See Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017). Plaintiff's remedy, if one exists, lies in a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, which created an implied private cause of action for money damages against federal officers who violate an individual's Fourth Amendment rights. 403 U.S. 388, 397 (1971). The holding "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Srvcs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

A *Bivens* remedy does not extend to all alleged constitutional violations committed by federal officials, and the Supreme Court has cautioned against extending this remedy to contexts outside of those already recognized. *Ziglar*, 137 S. Ct. at 1857. Since *Bivens*, the Supreme Court has found an implied cause of action to exist under *Bivens* only twice—to medical claims arising under the Eighth Amendment and to Fifth Amendment due process claims based on gender discrimination. *Id.* at 1854-55.

The Court does not have sufficient information at this stage to answer the question of whether Plaintiff's claim for relief is viable under *Bivens*, and that determination should await a more developed record. Construed in her favor, Plaintiff's complaint states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Smith in her individual capacity and John Doe in his official capacity for any injunctive relief Plaintiff may seek. *Carlson v. Green*, 446 U.S. 14, 21 (1980) (finding that a *Bivens* remedy existed for

allegations that federal officials failed to provide adequate medical care). The Court will dismiss Defendant United States of America Federal Bureau of Prisons.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Smith in her individual capacity and John Doe in his official capacity for any injunctive relief Plaintiff may seek. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of Court is directed to send, by certified mail, a summons, a copy of Plaintiff's Complaint, and a copy of this Order to Defendant at FCI Pekin. Summons must also be sent to the United States Attorney for the Central District of Illinois (Springfield), the Attorney General of the United States, and the Federal Bureau of Prisons.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date of this Order. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any

motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate United States of America Federal Bureau of Prisons as a defendant.

12. The clerk is directed to attempt service on Danielle Smith pursuant to the standard procedures.

Entered this 5th day of February, 2025.

_____
*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE